UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRYL LEWIS DAVIS,

    Petitioner,

v.                                                               CASE NO. 6:12-cv-165-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the amended petition (Doc. No. 12), the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a response in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 15). Petitioner filed a reply (Doc. No. 20).

Petitioner alleges one claim for relief in his habeas petition. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

I.    *Procedural History*

Petitioner was charged with one count of robbery with a firearm (App. A). A jury trial was held on September 26, 2002, and Petitioner was convicted of the lesser included offense of robbery with a deadly weapon (App. B & C). The trial court sentenced Petitioner

to life in prison (App. D & E).  Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case (App. F, G, & H).  The Fifth District Court of Appeal granted the motion to withdraw, and on June 10, 2003, *per curiam* affirmed (App. K & L).

On July 11, 2004,[2] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. N).  The trial court summarily denied the motion (App. R).  Petitioner appealed, and on October 18, 2005, the appellate court affirmed *per curiam* (App. T).  Mandate was issued on December 19, 2005 (App. W). Petitioner sought review with the Supreme Court of Florida; however, the court dismissed his petition for review on January 5, 2006, for lack of jurisdiction (App. Y).

On January 11, 2008, Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel with the Fifth District Court of Appeal (App. Z). The appellate court dismissed the petition on May 22, 2008 as untimely (App. DD). Petitioner then filed a Rule 3.800(a) motion to correct illegal sentence on August 17, 2009 (App. GG).  This motion was denied by the trial court, and the appellate court affirmed *per curiam* on June 5, 2012.  *See Davis v. State*, 90 So. 3d 301 (Fla. 5th DCA 2012).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

Petitioner filed a petition for writ of habeas corpus with the Fourteenth Judicial Circuit Court for Gulf County, Florida on July 29, 2010, alleging that the Ninth Judicial Circuit Court for Orange County lacked jurisdiction to prosecute him (App. EE; Doc. No. 10). On December 3, 2010, the petition was dismissed without prejudice to his right to file the action in the proper court (Doc. No. 10). Petitioner appealed, and on December 19, 2011, the First District Court of Appeal affirmed *per curiam*. *See Davis v. Tucker*, 76 So. 3d 294 (Fla. 1st DCA 2011). Petitioner filed his federal habeas petition on January 25, 2012 (Doc. No. 1).

II.  *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance of Petitioner's conviction and sentence on June 10, 2003. Petitioner then had ninety days, or through September 8, 2003, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3).[3] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on September 8, 2003, and Petitioner had through September 8, 2004, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on July 11, 2004. A total of 307 days of the one-year limitations period elapsed before Petitioner filed this motion. The time for filing a federal habeas petition was tolled from

---

[3]The Supreme Court of the United States recently held in *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-56 (2012), that if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari. Although Petitioner did not seek review with the Supreme Court of Florida, the Court finds that *Gonzalez* is distinguishable because in Florida, the Supreme Court does not have jurisdiction to review a district court's *per curiam* decision on direct appeal. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Thus, because filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile, Petitioner was not required to file such a petition in order for the 90 additional days of the one-year limitations period to be tolled.

July 11, 2004, through December 19, 2005, the date the mandate issued on appeal.[4] Petitioner had 58 days remaining of the one-year limitations period, or until February 15, 2006, in which to file his federal habeas petition. The instant federal habeas petition, filed on January 25, 2012, is untimely filed.

The Court is aware that Petitioner filed several other post-conviction motions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant untimely federal habeas petition must be denied.

To overcome his untimely filing, Petitioner argues that he is entitled to equitable tolling because the trial court lacked subject matter jurisdiction. Specifically, Petitioner alleges that the State lacked probable cause to arrest him because the arrest warrant was not supported by a proper oath. The Court concludes that "'there is no exception under AEDPA's statute of limitation[s] for a § 2254 claim that the state court lacked subject matter jurisdiction.'" *Rivers-Finney v. Sec'y, Dep't of Corr.*, No. 6:10-cv-1145-Orl-35GJK, 2011 WL

---

[4]Although Petitioner filed a petition to invoke discretionary review with the Supreme Court of Florida, his petition was untimely filed and thus did not properly toll the time for filing a federal habeas petition. *See Pitchford v. McDonough*, No. 5:06cv120/RS, 2007 WL 2781208, at *3-4 (N.D. Fla. Sept. 19, 2007).

2938471, at *2 (M.D. Fla. July 21, 2011) (quoting *Blackshear v. McDonough,* No. 8:07-cv-1831-T-27MAP, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008)). Consequently, Petitioner has not demonstrated that the state court's alleged lack of jurisdiction is an extraordinary circumstance that would extend the one-year limitations period. As a result, the Court will not excuse Petitioner's untimely habeas petition on this basis.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically address herein have been found to be without merit.

### III. *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Darryl Lewis Davis (Doc. No. 12) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 10th day of January, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/10
Counsel of Record
Darryl Lewis Davis